UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14010-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

ANTONIO TAVARES FERGUSON,

Defendant.
_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Antonio Tavares FERGUSON ("Defendant"), together with his counsel, admits the government can prove the allegations contained within the Indictment, which charges the defendant with being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1); and also stipulates that those allegations, elements of the crime and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

On September 29, 2021, multiple federal and local law enforcement agencies executed a State of Florida search warrant on Defendant's residence at 472 SW Baoy Avenue, Port St. Lucie, in the Southern District of Florida.

Upon entry into the residence, agents noted the strong odor of marijuana. During the search, Defendant was found in a bedroom ("Bedroom 1") and was taken into custody. Agents then searched the residence. In Bedroom 1, agents found a prescription pill bottle with Defendant's name on it. Also in the room was a dresser, and on the top of that dresser was a wallet containing Defendant's driver's license. Also in the room, agents found a shirt with a company's insignia on

it, which Defendant would later admit was his employer.

In a drawer in the dresser mentioned above, agents located a Glock, model 17, 9mm semi-automatic pistol, SN BMN805US, loaded with 17 rounds of ammunition. Lying next to the firearm was a pair of black gym shorts.

Agents also searched the rest of the residence and found multiple firearms, approximately 2.5kg of marijuana, magazines, ammunition, drug sale paraphernalia, and approximately $34,343 U.S. currency.

Defendant was interviewed post-Miranda. Defendant admitted to being convicted in federal court in 2006 and being released from federal prison in 2013. Defendant admitted occupying Bedroom 1 and told agents that he shared that room with his girlfriend, who was the mother and grandmother of the home's other inhabitants (two adult males, one adult female, and two young children). According to Defendant, the girlfriend is a traveling nurse and was out-of-town for work at the time. Defendant provided the phone number for his girlfriend, and agents called to speak with her. The girlfriend stated that she was out-of-state for work, denied owning or holding any firearms, and denied knowledge of the gun in Bedroom 1.

As Defendant was taken into custody while wearing boxer shorts and a t-shirt, law enforcement later offered him clothes to wear. Agents provided Defendant with the black gym shorts found next to the firearm; Defendant stated that the shorts were his and put the shorts on.

In a subsequent interview, Defendant admitted that the dresser in Bedroom 1, in which the Glock was found, was his.

Agents would later learn that Defendant and his girlfriend are felons, while the rest of the home's inhabitants are not. Defendant had been convicted of multiple State felonies, including sale of cocaine and possession of cocaine. Additionally, at the time of this incident, Defendant

was on federal supervised release after being convicted of conspiracy to possess with intent to distribute cocaine base (06-14028-CR-KMM/SMM).

An ATF interstate nexus expert determined that the Glock, model 17, 9mm semi-automatic pistol and the rounds of 9mm ammunition, were not manufactured in the State of Florida, and thus previously traveled in interstate commerce.

Before this incident, Defendant knew that he was a convicted felon, in that he knew he had been convicted of a crime punishable by more than one year of incarceration.

The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove that: (i) Defendant knowingly possessed a firearm and ammunition in or affecting interstate or foreign commerce; and (ii) before possessing the firearm, Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and (iii) before possessing the firearm, Defendant knew he had been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 5/2/2022       By: _____
                         JUSTIN L. HOOVER
                         ASSISTANT UNITED STATES ATTORNEY

Date: 5/2/2022       By: _____
                         JASON W. KREISS
                         ATTORNEY FOR DEFENDANT

Date: 5-2-22         By: _____
                         ANTONIO TAVARES FERGUSON
                         DEFENDANT